Mary E. Olsen (OLSEM4818), *Pro Hac Vice*
THE GARDNER FIRM, PC
210 S. Washington Ave.
Mobile, AL  36602
P: (251) 433-8100
F: (251) 433-8181

Stuart J. Miller (SJM 4276), *Pro Hac Vice*
LANKENAU & MILLER, LLP
132 Nassau Street, Suite1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

Lawrence R. Cock, OSB No. 102524
lrc@cablelang.com
CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104-1048
Telephone: (206) 292-8800
Facsimile: (206) 292-0494

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FALANA MARIE FLAIG and BARRY CADISH, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>SUREID, INC.,<br><br>      Defendant. | No. 3:17-cv-00910-YY<br><br>**JOINT MOTION FOR ORDERS:**<br><br>**I.** **(A) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (B) APPROVING NOTICE TO SETTLEMENT CLASS MEMBERS, (C) SCHEDULING FAIRNESS HEARING, AND (D) GRANTING RELATED RELIEF,**<br><br>**AND**<br><br>**II.** **GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

**MOTION**

Plaintiffs Falana Marie Flaig and Barry Cadish ("Plaintiffs") and Defendant SureID, Inc., now named Fortior Solutions, Inc.[1] ("Defendant"), sometimes collectively referred to herein as the "Parties," by and through their respective counsel of record, submit this motion (the "Joint Motion" for (A) entry of an order (1) granting preliminary approval of the Parties' proposed class action settlement in this case, (2) approving the form and authorizing the mailing of the Parties' proposed Notice to Settlement Class, (3) scheduling a Fairness Hearing for the final consideration and approval of the settlement, and (4) granting related relief; and, following the Fairness Hearing, for (B) entry of a final order approving the settlement and entering judgment in this case.

The Parties' proposed preliminary and final orders are attached as Exhibits B and C, respectively to the Stipulation of Class Action Settlement filed with this Joint Motion (the "Agreement").

## MEMORANDUM IN SUPPORT OF MOTION

As set forth in detail in the Agreement, the proposed compromise contemplates certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for settlement purposes only, of a class consisting of approximately 248 former employees of Defendant who worked at 5800 NW Pinefarm Place, Hillsboro, OR 97124 (the "Facility") and were terminated from Defendant's employment in "workforce reductions" in May, June or July 2017 ("Subclass A") or in August 2017 ("Subclass B") (collectively, the "Settlement Class," and individually, "Settlement Class Members").

Assuming the Court preliminarily approves the settlement under Rule 23 and notice to the Settlement Class, the notice will be mailed to the Settlement Class Members and, upon conclusion of the opt-out period, the Parties will seek final approval of the settlement, as described in the Agreement and this Joint Motion.

---

[1] Defendant effected a change of its legal corporate name to Fortior Solutions, Inc. on December 27, 2017. That name change has no effect on the Parties' rights and obligations under the Agreement or any Order issued in this matter.

**Jurisdiction**

1. This Court has jurisdiction over this lawsuit (the "Action") and this Joint Motion under 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5). Venue is proper in this district pursuant to 29 U.S.C. § 2104(a)(5).

**Background**

2. This Action was filed in the United States District Court for the District of Oregon on June 9, 2017. Plaintiffs filed an amended complaint on June 30, 2017. The Action is a putative class action alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), in connection with a series of layoffs at the Facility, beginning in May 2017. Plaintiffs allege that Defendant failed to provide at least 60 days' advance written notice of those layoffs, as allegedly required by the WARN Act, to Plaintiffs and more than 200 similarly situated employees. Plaintiffs contend that Defendant's failure to give such notice renders it liable to each affected employee for 60 days' pay and benefits.

3. Defendant answered the amended complaint on July 14, 2017. Defendant denied violating the WARN Act and raised affirmative defenses. Defendant contends that (1) some of the terminations did not constitute a "mass layoff" as defined by the WARN Act; (2) the layoffs occurred due to exigent business circumstances that were not reasonably foreseeable 60 days in advance; (3) Plaintiffs and other employees were laid off as a result of separate and distinct reductions in force; and (4) Defendant provided notice in substantial compliance with the WARN Act. Defendant disputes and denies liability with respect to all claims asserted in the Action.

4. On November 20, 2017, the Parties participated in a settlement conference before the Honorable Youlee Yim You. At the settlement conference, the Parties agreed to settle the Action and signed a Memorandum of Understanding ("MOU") that reflected that agreement and provided for the preparation of a formal settlement agreement. The Agreement formalizes the

Parties' agreements and supersedes the MOU, which has no further effect.

     5.    Defendant expressly denies liability for the claims and contentions alleged by Plaintiffs on their own behalves and on behalf of any members of the Settlement Class. Defendant expressly denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in this Action. Neither the settlement, the Agreement, any document referred to or contemplated therein, nor any action taken to carry out the Agreement (including but not limited to this Joint Motion) is, may be construed as, or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever. Defendant expressly denies any such fault, wrongdoing or liability.

     7.    The Parties reached the Agreement following significant investigation, analysis, and discovery, and they believe that the Agreement is in the best interests of the proposed Settlement Class Members and the Parties. The Agreement reflects the Parties' recognition that there are significant, complex issues regarding the application of the WARN Act and cases and regulations interpreting that Act to the facts of the case. Plaintiffs and Defendant disagree as to whether Defendant had any liability under the WARN Act with respect to the proposed Settlement Class Members' claims. Further, the settlement takes into account Defendant's significantly reduced operations, limited resources, and the high risk of non-payment should the matter have been litigated to a final judgment in favor of Plaintiffs and the proposed class. Plaintiffs and Class Counsel have concluded, after performing a thorough study of the law and facts relating to the WARN Act claims and the sharply disputed factual and legal issues involving the Action, the risks, uncertainties, time, and expense attending further prosecution of the Action, including risks associated with Defendant's financial condition, and the substantial benefits to be received by the proposed Settlement Class Members pursuant to the compromise and settlement of the Action, that settlement as embodied in the Agreement is fair, adequate, and reasonable and is in the best interests of Plaintiffs and the proposed Settlement Class Members.

### Class Certification

8.     Class certification pursuant to Rule 23 requires that each of the four prerequisites for certification, namely 23 (a)(1), (2), (3) and (4) be met and, in addition, that at least one of the conditions set forth in the subparts of Rule 23(b), namely 23(b)(1)(A), 23(b)(1)(B), 23(b)(2) or 23(b)(3), be satisfied.   Plaintiffs contend, and Defendant does not dispute for the purposes of settlement only[2], that all the prerequisites for certification of the proposed Settlement Class are present, as set forth below.

(a)     Numerosity:  For purposes of the settlement, the Plaintiffs contend that the numerosity factor of Rule 23(a)(1) is met because the proposed Settlement Class numbers over 200 former employees, clearly making joinder impracticable.

(b)     Commonality:  Plaintiffs contend that the commonality factor of Rule 23(a)(2) is met because there are numerous questions of law or fact common to every member of the proposed Settlement Class, namely, (1) whether one or more "mass layoff(s)" occurred, as defined in the WARN Act; (2) if so, whether Defendant was excused from the 60-day notice requirement under the WARN Act; and (3) whether the Defendant was obligated to pay the class members sixty days' pay and benefits.

(c)     Typicality:  Plaintiffs contend that the typicality factor of Rule 23(a)(3) is met here as "the claims . . . of [Plaintiffs who are] the representative parties [are] typical of the claims . . . of the class."

(d)     Adequacy of Class Representative:  Plaintiffs contend that the adequacy factor of Rule 23(a)(4) is also met based on the Declaration of Mary E. Olsen (the "Olsen Declaration") filed herewith.  As demonstrated by the Olsen Declaration, Plaintiffs, who are the proposed class representatives,  have diligently prosecuted this action and will continue to do so, have no conflict of interest with the other proposed Settlement Class Members, and have diligently

---

[2] Defendant does not concede that certification is appropriate outside of this settlement and preserves all rights to oppose certification if, for any reason, the settlement does not become effective.  Plaintiffs' contention throughout this brief that the action is appropriate for certification is subject to Defendant's position that certification is appropriate for settlement purposes only.

represented and protected the interests of the proposed Settlement Class and will continue to do so. As further demonstrated by the Olsen Declaration, Class Counsel are well qualified and experienced to represent the Settlement Class Members. Collectively, they have been appointed as class counsel in more than one hundred WARN actions.

9. Plaintiffs contend, and Defendant does not dispute for the purposes of settlement only, that the proposed Settlement Class also meets the requirements of Rule 23(b)(3). Plaintiffs contend that the common questions of law and fact that affect all members of the proposed Settlement Class predominate over any questions affecting only individual members. Plaintiffs contend that a class action is superior to other available methods for the fair and efficient adjudication of the controversy for the following reasons:

(a) No proposed Settlement Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

(b) No other litigation concerning the WARN Act rights of any proposed Settlement Class Member is currently pending to the Parties' knowledge.

(c) Concentrating all potential litigation concerning the WARN Act rights of the proposed Settlement Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the Parties, and is the most efficient means of resolving the WARN Act rights of all proposed Settlement Class Members.

(d) Administration of this action as a class action will not be complicated or difficult because the names and addresses of the proposed Settlement Class Members can be established from Defendant's records, as updated through the efforts of Class Counsel or the Settlement Administrator.

10. For the foregoing reasons, the Court should enter preliminary and (following the Fairness Hearing) final orders certifying the proposed Settlement Class for settlement purposes only, in accordance with the terms and conditions of the Agreement.

## **The Agreement**

11.     The complete Agreement is filed herewith. The following summary of key Agreement terms is provided for the Court's convenience. This summary does not alter, add to, or supersede any terms of the Agreement itself.

(a)     The Parties agreed to have the Court certify the Settlement Class for settlement purposes only.

(b)     The Agreement contemplates the appointment of Plaintiffs as Class Representatives, their lawyers as Class Counsel, and Rust Consulting as the Settlement Administrator.

(c)     The Agreement contemplates that Class Counsel will mail the Notice to Settlement Class, attached to the Agreement as Exhibit A, to all Settlement Class Members, as detailed at paragraphs 13 through 17, below; provides appropriate opportunities for Settlement Class Members to opt out of or object to the settlement; and provides for final approval of the settlement at or following the Fairness Hearing.

(d)     The parties have agreed that, if the Court grants final approval of the Agreement and the Effective Date (as defined in the Agreement) occurs, Defendant will pay $350,000.00 (the "Settlement Amount") to a Qualified Settlement Fund established by the Settlement Administrator. Subject to Court approval, the Settlement Administrator will then distribute the Settlement Amount as follows: (i) a one-time payment of $7,500 each to Falana Marie Flaig and Barry Cadish for their services rendered in this action (the "Service Payments"); (ii) one-third of the balance will be paid to Class Counsel for attorneys' fees (i.e., $111,666.66) ("Class Counsel's Fees"); (iii) to reimburse Class Counsel for litigation expenses (including production and mailing of this Notice) and to pay the Settlement Administrator's fees and costs, up to a combined maximum payment of $20,0000; (iv) the remainder after deduction of these payments shall be the "Net Settlement Fund" or "NSF," which shall be divided among the Settlement Class Members who do not opt out ("Qualified Class Members") as follows: each Subclass B Qualified

Class Member shall be allocated $250.00[3], and each Subclass A Qualified Class Members shall receive a proportionate share of the remainder of the NSF, calculated as a percentage of their salary and benefits for a sixty (60) day period.

(e) Settlement checks paid to Qualified Class Members (except for Service Payments to the Class Representatives) will be allocated as W-2 wage payments.  All payments to Qualified Class Members shall be net of all applicable federal, state and local income, employment and payroll withholdings taxes associated with W-2 wage payments ("Withholdings"), and all applicable employer portions of employment and payroll taxes associated with W-2 wage payments ("Employer Portions") shall be paid out of the Settlement Amount.

(f) Upon occurrence of the Effective Date, the release set forth in paragraph F(2) of the Agreement shall become final and binding as to all Qualified Class Members, and the release set forth in paragraph F(3) of the Agreement shall, additionally, become final and binding as to Plaintiffs, *provided,* that if Defendant fails to pay the Settlement Amount (as required by the Settlement), Plaintiffs have the right, but not the obligation, to rescind the Agreement or to seek specific performance in accordance with paragraph G(2) of the Agreement.

12. The Parties ask the Court to approve the Agreement, for the following reasons:

(a) The Agreement reflects the result of arms' length, good faith negotiations, including a formal settlement conference before this Court on November 20, 2017.

(b) The Agreement reflects the recognition by the Parties that there are significant, complex issues regarding the application of the WARN Act, and the various cases and regulations interpreting that Act to the facts of the case.  The Plaintiffs and the Defendant disagree as to whether the Defendant had any obligation or liability under the WARN Act with

---

[3] Based on Defendant's records, it does not appear to Class Counsel that the number of employees affected by the August terminations would have reached the numerical thresholds set forth in the WARN Act.  Thus, any risk faced by Defendant with respect to potential WARN Act claims of Subclass B Members was minimal and is reflected in the amount of the NSF allocated to them, but also provides adequate consideration for the releases sought by Defendant from each Subclass B Settlement Class Member.

respect to the proposed Settlement Class Members' claims. Plaintiffs submit that, if they were successful in the Action, class-wide damages may have exceeded $2.9M, whereas Defendant denies all liability and damages.

(c) The Agreement takes into account Defendant's significantly reduced operations, limited resources, and the high risk of non-payment should the matter have been litigated to a final judgment in favor of Plaintiffs and the proposed class.

(d) The Agreement provides for a fair, reasonable, and comprehensive settlement that fully and finally resolves all claims in the Action without extensive, costly litigation.

(e) The Agreement provides for actual notice to all Settlement Class Members of the Agreement's terms and effect, as well as opportunities to opt out of the settlement, to object to the Agreement, and to participate in the Fairness Hearing.

(f) The Agreement provides for the expeditious distribution of the agreed Settlement Amount by a qualified Settlement Administrator, which distribution includes fair and reasonable payments to every Qualified Class Member, as well as fair and reasonable compensation to Class Counsel, the Plaintiffs, and the Settlement Administrator for their services and expenses in connection with the Action, and provides that Settlement Class Members who opt out will *not* be bound by the Agreement's terms.

## The Contents of the Class Notice

13. The Parties submit that the proposed Notice to Settlement Class attached to the Agreement as Exhibit A (the "Notice") meets the requirements of Rule 23(c)(2)(B). That rule, in pertinent part, provides as follows: "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action;(ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3)."

14. The proposed Notice satisfies each of the foregoing requirements. The Notice is accurate, informative, and readable by the average person. It is written in plain language, and provides key information about the Agreement. The Notice states the nature of the action, the class claims, and the issues and defenses. The Notice also states that a Qualified Class Member may enter an appearance through counsel, and that the Settlement Agreement, when approved, will be binding on all Qualified Class Members. The Notice also sets forth the terms of the proposed Agreement, the right of each proposed Settlement Class Member to opt out, and the right of Qualified Settlement Members to object to the proposed settlement. *See* Rule 23(c)(2)(B) and Rule 23(e). The Notice provides proposed Settlement Class Members with the estimated amount of their individualized, projected pre-tax share of the NSF. The Notice also apprises the proposed Settlement Class, among other things, that complete information regarding the Agreement is available upon request from Class Counsel and that any Qualified Class Member may appear and be heard at the Fairness Hearing, as well as the date, time, and place of the Fairness Hearing. In addition, the notice informs the proposed Settlement Class Members of the request for the approval of Class Counsel's Fees and Class Counsel's Expenses. *See* Rule 23(h). In short, the Notice is "adequate to 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings.'" *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1164 (2000) (citation omitted); *Hartley v. Stamford Towers Ltd. Partnership*, 1994 U.S. App. LEXIS 23543, at *17 (9th Cir. 1994) ("Notice for the approval of a class settlement by class members must only fairly apprise them of the subject matter of the suit, the proposed terms of the settlement, and the members' opportunity to be heard.")

### The Manner of Notice

15. As to the manner of giving notice, Rule 23(c)(2)(B) provides, in pertinent part, as follows: "For any class certified under Rule 23(b)(3), the Court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members

who can be identified through reasonable effort."

16.     An individual mailing to each class members' last known address has been held to satisfy the "best notice practicable" test. *Eisen v. Carlisle & Jacquelin et al.*, 417 U.S. 156, 173-175 (1974) (individual mailings satisfy Rule 23(c)(2)).

17.     The Agreement provides that, within ten (10) business days following entry of the Preliminary Approval Order, Class Counsel will mail the Notice by first class mail, postage prepaid, to all Settlement Class Members at the address included on the Class List, or as updated through the efforts of Class Counsel.  The Agreement also contemplates that the Fairness Hearing will be held at least six weeks after the Notice is mailed.   The Parties submit that giving notice in this manner prior to the Fairness Hearing satisfies the "best notice practicable" test.  In the case of any returned envelopes, Class Counsel will forward to such corrected addresses as Class Counsel may be able to obtain from a national database to which Class Counsel subscribes or as Class Counsel may otherwise obtain.

## The Court Should Preliminarily Approve the Agreement Pursuant to Fed. R. Civ. P.  23

18.     Although Rule 23(e) does not specify any particular procedure as to how a court should review a class action settlement, a number of courts have adopted a two-step procedure, consisting of preliminary approval of the settlement before notice is given to class members, and a subsequent "fairness hearing," at which all class members have an opportunity to be heard on whether final approval of the settlement should be granted. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 818-20 (9th Cir. 2012); *Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp.1379, 1384 (D. Md. 1983); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 985 (11th Cir. 1984) (preliminarily approving settlement and scheduling fairness hearing); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 278 (S.D.N.Y. 1999) (same); *Hickerson v. Velsicol Chem. Corp.*, 121 F.R.D. 67, 69 (N.D. Ill. 1988) (same);

*Seiffer v. Topsy's Int'l, Inc.*, 70 F.R.D. 622, 625 (D. Kan. 1976) (same).  The purpose of the preliminary approval is to evaluate the settlement to determine whether "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval."  Manual for Complex Litigation, Second § 30.44 (1985); *see also Facebook*, 696 F.3d at 818-20; *Armstrong*, 616 F.2d at 314; *Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. at 1384.

19. Consistent with the case law employing a two-step procedure, the Parties request that the Court, at the initial hearing on the Joint Motion, grant preliminary approval of the Agreement, certify the Settlement Class for settlement purposes only, appoint Plaintiffs as Class Representatives for the Settlement Class, appoint counsel for Plaintiffs as Class Counsel for the Settlement Class, set a date for a final Fairness Hearing on the Joint Motion, approve the form of the Notice, and authorize and direct Class Counsel to mail the Notice to Settlement Class Members in accordance with the Agreement.  The Parties also request that, at or following the Fairness Hearing, the Court enter an Order finally approving the Agreement and entering judgment consistent with its terms.

20. When a proposed settlement is the result of arm's-length negotiations, there is a presumption that it is fair and reasonable.  *See* 2 Newberg & Conte, *Newberg on Class Actions* §11.41 at 11-88 (3d ed. 1992); *Manual for Complex Litigation* (Third) §30.42.  Indeed, a trial court is directed to operate under a presumption of fairness when, inter alia, the settlement is the result of arms-length negotiation, there has been investigation and discovery that are sufficient to permit counsel and the court to act intelligently, and counsel are experienced in similar litigation.

21. Here, the Parties worked toward an early compromise in light of Defendant's significantly reduced operations and limited resources.  The Parties engaged in arm's-length negotiations after Plaintiff served Defendant with requests for production of documents.  The negotiations culminated in a formal settlement conference held before this Court on

November 20, 2017. Before the settlement conference occurred, Defendant provided Plaintiffs with confidential and non-confidential responsive documents relating to class issues, merits issues and financial information. Thus, the Plaintiffs were able to make an informed decision regarding settlement. The Parties believe the settlement to be in the best interest of both sides, taking into account the costs and risks of continued litigation.

22.     The opinion of experienced counsel supporting the settlement is entitled to considerable weight. *See, e.g., In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, 1992 U.S. Dist. LEXIS 14337, at *6-8 (C.D. Cal. June 10, 1992) (finding belief of counsel that the proposed settlement represented the most beneficial result for the class to be a compelling factor in approving settlement); *Kirkorian v. Borelli*, 695 F.Supp.446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight) *citing* Feder v. Harrington, 58 F.R.D. 171, 176 (S.D.N.Y.1972); *Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiff's counsel should be given a presumption of reasonableness). Plaintiffs' counsel have collectively been named as Class Counsel in over 100 WARN Act class actions over the past seventeen years.

23.     Further, preliminary approval of the settlement should be granted if there are no "grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation for attorneys, and appear to fall within the range of possible approval." Manual for Complex Litigation §30.41, at 236-37 (3d ed. 1995). The proposed Agreement satisfies the standard for preliminary approval, as it is within the range of possible approval and there are no grounds to doubt its fairness. The Plaintiffs allege that the maximum theoretical WARN claims in this matter could exceed $2.9M, exclusive of attorneys' fees and costs, while Defendant contends that the WARN claims are without merit. Further, due to Defendant's financial condition, there is a high risk of non-payment, should litigation continue. The Agreement provides Qualified Class Members with their share of the NSF, eliminating risks involved with continued litigation.

24. The proposed Agreement provides meaningful redress for the Settlement Class Members. While Defendant maintains that one or more exceptions to the WARN Act's notice requirements may justify the lack of notice to the employees, Defendant recognizes its potential exposure and further recognizes the advantages of settlement to avoid additional expense and uncertainty. Thus, the Parties believe that the Agreement provides substantial benefits to the Settlement Class Members, will reduce litigation costs, eliminates uncertainty, and provides finality to the pending Action.

25. Accordingly, the Court should preliminarily approve the Agreement.

### The Court Should Finally Approve the Agreement As Fair, Reasonable And Adequate To The Settlement Class At The Fairness Hearing Pursuant To Rule 23

26. Rule 23(e)(2) provides that a settlement proposal that would bind class members may only be approved after a hearing and on finding by the court that it is fair, reasonable, and adequate.

27. The Ninth Circuit favors class settlements: "When reviewing complex class action settlements, we have a 'strong judicial policy that favors settlements'." *In re Pacific Enters. Sec. Litig.*, 47 F. 3d 373, 378 (9th Cir. 1995) (citation omitted).

28. In *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993), the Ninth Circuit reaffirmed the settled rule that a class "settlement should be approved if 'it is fundamentally fair, adequate and reasonable'." (internal citation omitted). In *Officers for Justice v. Civil Serv. Comm. of San Francisco*, 688 F. 2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983), the court stated that this determination requires:

> a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

In *Torrisi*, 8 F.3d at 1375, the Ninth Circuit reaffirmed the factors delineated in *Officers*

*for Justice* and declared, as did the Court in *Officers for Justice*, that "this list is not exclusive and different factors may predominate in different factual contexts." *Id*. at 1376.

29. The Parties submit that the Agreement should be finally approved as fair, reasonable and adequate to the Settlement Class under the factors enumerated by the Ninth Circuit.

30. As set forth herein, litigation of the Action's WARN Act claim would have been complicated, protracted, expensive and risky in light of the numerous defenses raised by Defendant, as well as its current financial condition.  The Class Representatives support the Agreement, and Class Counsel believes that the bulk of the other Settlement Class Members will have a favorable reaction to the proposed settlement and not object to it or opt out of it.  The Agreement was reached after the facts had been thoroughly investigated by Class Counsel, including formal discovery concerning class issues, merits of the claims and Defendant's financial status.  Class Counsel believes that the proposed settlement is fair and reasonable and in the best interests of the Settlement Class.   The Settlement was reached at a settlement conference before this Court, after the Parties exchanged position statements and other information. The Parties submit that the proposed settlement is well within the range of reasonableness given the risks involved. To sum up, the majority of the relevant factors strongly support approval of the settlement.

WHEREFORE, the Parties respectfully request that the Court:

A. Enter an order (1) granting preliminary approval of the Parties' class action settlement, (2) approving the Notice to Settlement Class Members, (3) scheduling a Fairness Hearing, and (4) granting related relief as described in this Joint Motion, substantially in the form of the proposed order attached to the Agreement as Exhibit B; and

B. At or following the Fairness Hearing, enter a final order approving the class action settlement and entering judgment in accordance with the terms of the Agreement and

substantially in the form of the proposed order attached to the Agreement as Exhibit C.

Respectfully submitted,

Dated: December 29, 2017.       By:   s/ Mary E. Olsen
Mary E. Olsen (OLSEM4818), *Pro Hac Vice*
THE GARDNER FIRM, PC
210 S. Washington Ave.
Mobile, AL  36602
P: (251) 433-8100
F: (251) 433-8181

Stuart J. Miller (SJM 4276), *Pro Hac Vice*
LANKENAU & MILLER, LLP
132 Nassau Street, Suite1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

Lawrence R. Cock, OSB No. 102524
lrc@cablelang.com
CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104-1048
Telephone: (206) 292-8800
Facsimile: (206) 292-0494

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
733 St. Antoine, 3rd Floor
Detroit, Michigan 48226
P: (313) 962-6540

*Attorneys for Plaintiffs and the Proposed Settlement Class*

*And*

By    s/ Charles N. Eberhardt
Stephen E. English, OSB No. 730843

senglish@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019, *Pro Hac Vice*
eberhardt@perkinscoie.com
Emily A. Bushaw, WSBA No. 41693, *Pro Hac Vice*
ebushaw@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503-727-2000
Facsimile:  503-727-2222

*Attorneys for Defendant SureID, Inc.*
Defendant's counsel has consented to the placement of his electronic signature on this document and to the filing of it.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December 2017, I filed the forgoing with the Court via CM/ECF thereby causing service on counsel of record.

/s/Mary E. Olsen
*Attorney for Plaintiff*