UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

FALANA MARIE FLAIG and BARRY
CADISH, on behalf of themselves and all
others similarly situated,

Plaintiffs,

v.

SUREID, INC.,

Defendant.

No. 3:17-cv-00910-YY

STIPULATION OF CLASS ACTION
SETTLEMENT AND RELEASE

This Stipulation of Class Action Settlement and Release (the "Agreement") is entered

into by and between Falana Marie Flaig and Barry Cadish ("Plaintiffs") on their own behalves

and as proposed representatives of the Settlement Class, as defined below, on the one hand, and

Defendant SureID, Inc.[1] ("Defendant") on the other hand.  In this Agreement, Defendant and

Plaintiffs are individually referred to as a "Party" and are collectively referred to as the "Parties."

This Agreement is made with respect to the following recitals:

A.    This lawsuit (the "Action") was filed in the United States District Court for the

District of Oregon on June 9, 2017.  Plaintiffs filed an amended complaint on June 30, 2017.

The Action is a putative class action alleging violations of the Worker Adjustment and

Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*  (the "WARN Act"), in connection with a

series of layoffs at Defendant's corporate headquarters, located at 5800 NW Pinefarm Place,

Hillsboro, OR 97124 (the "Facility"), beginning in May 2017.

---

[1] Defendant anticipates that it will effect a change of its legal corporate name to Fortior Solutions, Inc. on or about
December 27, 2017.  The name change will have no effect on the Parties' rights and obligations under this
Agreement.

1

B.     Plaintiffs allege that Defendant failed to provide at least 60 days' advance written notice of those layoffs, as allegedly required by the WARN Act, to Plaintiffs and more than 200 similarly situated employees. Plaintiffs contend that Defendant's failure to give such notice renders it liable to each affected employee for 60 days' pay and benefits.

C.     Defendant answered the amended complaint on July 14, 2017. Defendant denied violating the WARN Act and raised affirmative defenses. Defendant contends that (1) some of the terminations did not constitute a "mass layoff" as defined by the WARN Act; (2) the layoffs occurred due to exigent business circumstances that were not reasonably foreseeable 60 days in advance; (3) Plaintiffs and other employees were laid off as a result of separate and distinct reductions in force; and (4) Defendant provided notice in substantial compliance with the WARN Act. Defendant disputes and denies liability with respect to all claims asserted in the Action.

D.     On November 20, 2017, the Parties participated in a settlement conference before the Honorable Youlee Yim You. At the settlement conference, the Parties agreed to settle the Action and signed a Memorandum of Understanding ("MOU") that reflected that agreement and provided for the preparation of a formal settlement agreement. This Agreement formalizes the Parties' agreements and supersedes the MOU, which upon execution of this Agreement is void and shall have no further effect.

E.     Defendant expressly denies liability for the claims and contentions alleged by Plaintiffs on their own behalves and on behalf of any members of the Settlement Class. Defendant expressly denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in this Action. Neither the settlement, this Agreement, any document referred to or contemplated herein, nor any action taken to carry out this Agreement is, may be construed as,

2

or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever. Defendant expressly denies any such fault, wrongdoing or liability.

F.      The Parties reached this Agreement following significant investigation, analysis, and discovery, and they believe that this Agreement is in the best interests of the proposed Settlement Class Members and the Parties. The Agreement reflects the Parties' recognition that there are significant, complex issues regarding the application of the WARN Act and cases and regulations interpreting the Act to the facts of the case. Plaintiffs and Defendant disagree as to whether Defendant had any liability under the WARN Act with respect to the proposed Settlement Class Members' claims. Further, the Settlement takes into account Defendant's significantly reduced operations, limited resources, and the high risk of non-payment should the matter have been litigated to a final judgment in favor of Plaintiffs and the proposed class. Plaintiffs and Class Counsel have concluded, after performing a thorough study of the law and facts relating to the WARN Act claims and the sharply disputed factual and legal issues involving the Action, the risks, uncertainties, time, and expense attending further prosecution of the Action, including risks associated with Defendant's financial condition, and the substantial benefits to be received by the proposed Settlement Class Members pursuant to the compromise and settlement of the Action, that settlement as embodied in this Agreement is fair, adequate, and reasonable and is in the best interests of Plaintiffs and the proposed Settlement Class Members.

NOW, THEREFORE, as material consideration and inducements to the execution of this Agreement, and in consideration of the mutual promises and agreements set forth herein, and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, and subject to the approval of the Court, the Parties hereby agree as follows:

3

A.    Certification of Class for Settlement Purposes Only; Payment Amount; Class Representatives and Effective Date

1.    This action should be certified as a class action for settlement purposes only, and the Court should certify a settlement class consisting of approximately 248 former employees of Defendant who worked at the Facility and were terminated from Defendant's employment in "workforce reductions" in May, June or July 2017 ("Subclass A") or in August 2017 ("Subclass B") (collectively, the "Settlement Class"). The Parties agree that the Facility is a single site of employment for purposes of the WARN Act, and remote employees with work locations other than "SureID Corporate" in Defendant's personnel records were not employed at the Facility for purposes of the WARN Act. All individuals in the Settlement Class are Settlement Class Members.

2.    Defendant does not oppose the appointment of Falana Marie Flaig and Barry Cadish as the Class Representatives and Lankenau & Miller, LLP, The Gardner Firm, P.C. and Cable, Langenbach, Kinerk & Bauer, LLP as "Class Counsel" for the Settlement Class.

3.    Defendant shall pay Three Hundred Fifty Thousand Dollars ($350,000.00) (the "Settlement Amount") to the Qualified Settlement Fund (defined below) to settle all claims in the Action. The Settlement Amount is all-inclusive, meaning that any and all settlement administration costs payable to the Settlement Administrator, attorneys' fees and costs payable to Class Counsel, Service Payments payable to Plaintiffs, payments to Settlement Class Members, and Defendant's and Settlement Class Members' respective shares of payroll taxes on settlement payments shall be distributed from the Settlement Amount. Notwithstanding any other provision of this Agreement, in no event shall Defendant be obliged to pay more than the Settlement Amount for settlement of the Action. Defendant shall transfer the Settlement Amount to the

4

Qualified Settlement Fund within ten (10) business days after the Effective Date, as defined below.

4.       This Agreement shall become effective one day after the date that the time for taking an appeal of the Final Approval Order, defined below, has expired or, in the event an appeal has been taken, on day after the date the Final Approval Order is affirmed with no further right of appeal (the "Effective Date").

B.    **Distribution of the Settlement Amount**

1.       The Settlement Amount shall be distributed among the Settlement Class Members, Plaintiffs, Class Counsel, and the Settlement Administrator as follows, subject to final Court approval: (a) payments to Plaintiffs of $7,500.00 each (the "Service Payments"); (b) payment to Class Counsel for attorneys' fees in the amount of one third of the remaining Settlement Amount (i.e., $111,666.66) ("Class Counsel's Fees"); (c) payments to Class Counsel for litigation expenses, including costs associated with the production and mailing of the Notice, and to the Settlement Administrator for settlement administration expenses, which collectively shall not exceed $20,000.00 ("Approved Expenses"); and (d) the balance (the "Net Settlement Fund" or "NSF"), which shall be paid to the Settlement Class Members who do not opt-out ("Qualified Class Members"). The NSF shall be distributed among the Qualified Class Members as follows: (a) first, each Subclass B Qualified Class Member shall be allocated $250.00; (b) then, each Subclass A Qualified Class Members shall be allocated a proportionate share of the remaining NSF, calculated as a percentage of their salary and benefits for a sixty (60) day period.

2.       The gross allocations to each Qualified Class Member shall be reduced by payroll taxes associated with that amount, as detailed elsewhere in the Agreement.

5

C.    **Settlement Administration**

1.    Subject to Court approval, the Parties agree that Rust Consulting shall serve as "Settlement Administrator." The Settlement Administrator is a fiduciary and must agree to submit to the jurisdiction of the Court. The Settlement Administrator shall be responsible for handling all aspects of the administration of the distribution of the Settlement Amount, including, but not limited to: (a) the formation of a qualified settlement fund (the "Qualified Settlement Fund") as authorized by Treasury Regulation 1.486B-1(c) to accept, distribute, and otherwise administer the Settlement Amount; (b) the payment of all Court-approved Service Payments to Plaintiffs and awards of attorneys' fees, costs, and expenses to Class Counsel; (c) the payment of approved settlement administration expenses; (d) the determination of the final amount of and tax and withholding amounts for each of the individual payments to each Qualified Class Member; (e) the preparation and mailing of settlement checks to each Qualified Class Member; (f) the withholding, transmittal, and reporting of all payroll taxes, and preparation and mailing of all W-2 Forms and/or 1099 Forms, where applicable; and (g) the processing of returned settlement checks as undeliverable, including re-mailing to forwarding addresses and tracing of current addresses.

2.    Within ten (10) business days following the Effective Date, Class Counsel shall provide the Settlement Administrator, with a copy to counsel for Defendant, with (a) copies of the Agreement and the Final Approval Order; (b) the names and addresses of each Qualified Class Member (as stated in Defendant's records and updated based on further investigation by Class Counsel and information provided by Qualified Class Members in response to the Notice, defined below); (c) the gross distribution amounts due to each Qualified Class Member; and (d)

6

any additional information required by the Settlement Administrator to comply with tax reporting obligations with respect to payments to Class Counsel.

3.    Within ten (10) business days following the Effective Date, Defendant will provide the Settlement Administrator with social security numbers and any other data needed to calculate and administer individual Qualified Class Member payments and tax calculations, tax withholdings, and tax payments associated with those payments.

4.    The Settlement Administrator shall determine the final payment amount due to each Qualified Class Member, less Withholdings and Employer Portions, and shall distribute the Settlement Amount in accordance with the Agreement and the Final Approval Order within thirty (30) business days after the Settlement Amount is transferred by Defendant to the Qualified Settlement Fund.

5.    Payments from the Qualified Settlement Fund to Qualified Class Members, other than the Service Payments, shall be made net of all such Withholdings and Employer Portions. All applicable Withholdings and Employer Portions shall be paid out of the Qualified Settlement Fund. The Settlement Administrator shall be responsible for transmitting said amounts to the appropriate taxing authorities. Verification of payment of such Withholdings and Employer Portions to the appropriate taxing authorities shall be provided by the Settlement Administrator to Class Counsel and Counsel for Defendant. Settlement checks paid to Qualified Class Members, other than the Service Payments, will be allocated as W-2 wage payments and shall be net of all applicable federal, state and local income, employment and payroll withholding taxes associated with W-2 wage payments to Qualified Class Members ("Withholdings"), and all applicable employer portions of employment and payroll taxes associated with W-2 wage payments to Qualified Class Members ("Employer Portions") shall be

7

paid out of the Settlement Amount. Qualified Class Members are personally responsible for payment of all taxes and any tax liability resulting from the amount of any settlement checks.

6.      The Court-approved Service Payments shall be made by the Settlement Administrator without withholding and reported to the IRS and the payee on an IRS Form 1099.

7.      Payments of Court-approved Class Counsel's Fees and Class Counsel's share of Approved Expenses to Class Counsel shall be made by the Settlement Administrator without withholding and shall be reported to the IRS and the payee on one or more IRS Form 1099.

8.      The payment of the Settlement Administrator's share of Approved Expenses shall be charged by the Settlement Administrator to the Qualified Settlement Fund, made without withholding, and reported to the IRS and the payee on an IRS Form 1099.

9.      The Settlement Administrator shall remit all Withholdings and Employer Portions to, and shall prepare and file all returns, reports, information references, and other required documents with, the applicable taxing authorities in connection with the payments to be made under this Agreement so as to ensure compliance herewith.

10.     If a distribution to a Qualified Class Member is returned to the Settlement Administrator as undeliverable, the Settlement Administrator and/or Class Counsel will attempt to locate the Settlement Class Member. If a new address is obtained, the Settlement Administrator will re-mail the distribution to this new address. The Settlement Administrator shall report and transfer any Qualified Class Member distributions that are not deposited, endorsed, or negotiated within one hundred eighty (180) days following issuance to the Unclaimed Property Section of the State of Oregon's Department of State Lands for administration in accordance with state laws and regulations governing unclaimed paychecks.

8

11.     In the event either Defendant or Class Counsel take the position that the Settlement Administrator is not acting in accordance with the terms of this Agreement and/or the Final Approval Order, such Party shall meet and confer first with opposing counsel and then, if necessary, with the Settlement Administrator and/or the Court.

D.    **Procedural Issues and Notice**

1.     The Parties have agreed to consent to the jurisdiction of Magistrate Judge You for the remainder of these proceedings, including the consideration of the preliminary and final approval of the Agreement.

2.     The Parties shall cooperate to cause a joint motion (the "Motion") to be filed as soon as practicable with the Court for an order (a) granting preliminary approval of this Agreement; (b) granting preliminary certification of the Settlement Class and preliminary appointment of Class Counsel; (d) granting approval of the class notice attached as Exhibit A (the "Notice"); (e) scheduling a final hearing to consider any objections to, to determine the fairness of, and to finally approve the Agreement (the "Fairness Hearing"); and (f) entering an order substantially in the form attached as Exhibit B (the "Preliminary Approval Order"). At the Fairness Hearing, the Parties shall seek entry of an order from the Court substantially in the form attached hereto as Exhibit C (the "Final Approval Order").

3.     Within ten (10) business days of execution of this Agreement, Defendant shall supply Class Counsel with a spreadsheet with the names, employee codes, dates of employment, and last known address of each Settlement Class Member (the "Class List").

4.     Class Counsel is responsible for final formatting, copying, and mailing of the Notice in the form approved by Defendant and the Court. Within ten (10) business days following entry of the Preliminary Approval Order, Class Counsel shall mail the Notice to all

9

Settlement Class Members by first class mail at the address included on the Class List, or as updated through the efforts of Class Counsel.

     5.    Class Counsel will use the return address of The Gardner Firm, P.C. for the Notice and as the mailing address for opt-out requests.

     6.    Class Counsel will respond to all inquiries from Settlement Class Members arising from or related to Notice, the Action, the Agreement, and individual settlement payments, provided that any supplemental correspondence or other written communication to Settlement Class Members other than Plaintiffs prior to entry of the Final Approval Order shall be coordinated in advance between and agreed to by Class Counsel and counsel to Defendant. If a Notice is returned to Class Counsel as undeliverable, Class Counsel will request, and Defendant will provide, the social security number for said Settlement Class Member so that Class Counsel can attempt to locate the Settlement Class Member using a national address database to which Class Counsel subscribes.

    E.    **Opt-Outs and Objections**

     1.    Settlement Class Members who elect to be excluded ("opt out") from the Settlement Class and this Agreement must complete, sign and mail, via First Class United States Mail, postage prepaid, an "Opt-Out Form," which will be sent with the Notice. To be effective, a completed and signed Opt-Out Form must be received by Class Counsel by the date thirty-five (35) calendar days after Class Counsel mails the Notice to each Settlement Class Member (the "Opt-Out Period"). Class Counsel will stamp the date received on the original and will send copies of each Opt-Out Form and its envelope to Counsel for Defendant by email no later than five (5) business days after its receipt. A Settlement Class Member who opts out may rescind his or her

Opt-Out Form no later than five (5) business days prior to the Fairness Hearing, so long as the rescission is made in writing.

2.      The rights and obligations of any Settlement Class Member who elects to opt out of the Settlement Class will be unaffected by this Agreement, and such Settlement Class Member will have the same rights and obligations as the Settlement Class Member would have had if this litigation had never been filed and this Agreement had never been executed. A Settlement Class Member who opts out shall not have any rights against Defendant by reason of this Agreement or any orders or judgment in the Action, and this Agreement shall not be admissible and/or used in any fashion in any action by any such Settlement Class Member. The Defendant reserves all of its rights and defenses with respect to any Settlement Class Member who opts out.

3.      Settlement Class Members who do not opt out ("Qualified Class Members") may present objections to the proposed settlement at the Fairness Hearing. To be considered, any such objections must be stated in writing and mailed to Class Counsel via First-Class United States Mail, postage prepaid, and be received by Class Counsel by the date thirty-five (35) calendar days after Class Counsel mails the Class Notice to each Settlement Class Member ("Objection Period"). The statement must include all reasons for the objection, and any reasons not included in the statement will not be considered. The statement must also include the name, address, and telephone numbers for the Qualified Class Member making the objection. Class Counsel will stamp the date received on the original and will send copies of each objection and its envelope to Counsel for Defendant by email no later than five (5) business days after its receipt. Class Counsel will also file any and all objections with the Court within five (5) business days after the end of the Objection

11

Period. A Settlement Class Member who has opted out of the Settlement Class may not submit an objection to the settlement or this Agreement.

4.      The Parties may file with the Court written responses to any filed objections at least five (5) business days prior to the Fairness Hearing. Class Counsel will, within five (5) business days after the end of the Opt-Out and Objection Period, send a final list of all Opt-Out Forms and objections, if any, to Defendant's Counsel by email.

5.      A Qualified Class Member who files an objection to the settlement ("Objector") also has the right to appear at the Fairness Hearing, either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objection at the time he or she submits his or her written objection. An Objector may withdraw his or her objection at any time. No Qualified Class Member may present an objection at the Fairness Hearing based on a reason not stated in his or her written objection.

F.      **Releases**

1.      Upon occurrence of the Effective Date, this Agreement will constitute a full and final settlement and release by Plaintiffs and Qualified Class Members as set forth in subparagraphs F(2) and (3), below. A material condition of this Agreement is that the Final Approval Order confirm the binding effect of these releases.

2.      Except for the rights arising out of, provided for, or reserved in this Agreement, each Qualified Class Member, for and on behalf of himself or herself, and his or her respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), fully and forever releases and discharges Defendant, its parents, subsidiaries and otherwise affiliated entities, and their respective current, former and interim

12

officers, directors, agents, and employees (collectively, the "Released Parties") of and from any and all legally-waivable claims, counter-claims, liabilities, obligations, rights to payment, expenses, liens, debts, demands, actions, suits, sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, causes of action, costs, expenses, damages and liabilities, of any kind at law, in equity, by statute, or on any other basis, whether known or unknown, anticipated, suspected, or disclosed, which the Releasing Parties ever had or now has against any or all of the Released Parties for, upon, or by reason of any claims under the WARN Act, or any other federal, state, or local laws or regulations of similar effect, which have been or could have been asserted in the Action, as well as any and all claims for penalties, attorneys' fees and costs associated therewith, including without limitation the fees and costs of Class Counsel.

3.      Except for the rights arising out of, provided for, or reserved in this Agreement, Plaintiffs additionally fully and forever release and discharge the Released Parties of and from any and all legally-waivable claims, counter-claims, liabilities, obligations, rights to payment, expenses, liens, debts, demands, actions, suits, sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, causes of action, costs, expenses, damages and liabilities, of any kind at law, in equity, by statute, or on any other basis, whether known or unknown, anticipated, suspected, or disclosed, which the Plaintiffs ever had, through the date this release is executed by Plaintiffs, against any or all of the Released Parties.

13

G.    **Conditional Nature of Agreement / Consequences of Agreement Not Becoming Effective**

1.    The Parties enter into this Agreement on a conditional basis for settlement purposes only.  This Agreement is contingent and will become final and binding only upon the occurrence of the Effective Date.

2.    However, if Defendant fails to pay the Settlement Amount (as required by paragraph A(3), above) following the Effective Date but before entry of the Stipulation of Dismissal, Plaintiffs have the right, but not the obligation, to  rescind this Agreement or to invoke the Court's continuing jurisdiction to seek specific performance of the Agreement.  Any rescission of the Agreement under this paragraph must be explicit and unqualified, in writing, signed by both Plaintiffs, and served upon counsel for Defendant in this Action no sooner than the first and no later than the tenth business day after the payment is due.

3.    If the Court does not grant preliminary and final approval of the Agreement or, if appealed, the Agreement and Final Approval Order are not affirmed, or if for any other reason the Effective Date does not occur, or if following the Effective Date but before entry of the Stipulation of Dismissal Defendant fails to pay the Settlement Amount according to the terms of the Agreement and Plaintiffs exercise their right to rescind this Agreement in accordance with the preceding paragraph:

a.    This Agreement and the releases contained herein shall be null and void;

b.    The Parties will take all steps necessary to return the Action to the "status quo" as it existed prior to the Parties seeking approval of the Agreement from the Court;

14

c.    Defendant does not waive, and, instead, expressly reserves its right to challenge all claims and allegations in the Action upon all procedural, factual and legal grounds, including, without limitation, the ability to challenge class treatment on any grounds, as well as asserting any and all other potential defenses or privileges;

d.    Plaintiffs and Class Counsel waive any argument that, based on this Agreement or any negotiations or understandings related to this Agreement (including but not limited to the MOU), Defendant cannot contest class certification on any grounds or assert any and all other potential defenses and privileges if this Action were to proceed; and

e.    Nothing in this Agreement or any draft thereof, or of the discussion, negotiation, documentation, or other aspect of the Parties' settlement discussions, or any document submitted to the Court related to this Agreement, shall have any effect or be admissible in evidence for any purpose in the Action or in any other proceeding or forum, nor shall any such matter be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact, and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the Action as if this Agreement never existed.

15

137718902.2

H.    **Schedule**

1.    Subject to Court approval, the Parties will adhere to the following

schedule:

| Event | Timing |
|---|---|
| Defendant provides Class List to Class Counsel | No later than ten (10) business days after execution of this Agreement |
| Class Counsel mails Notice to Settlement Class Members | No later than ten (10) business days after entry of Preliminary Approval Order |
| Objection Deadline | Thirty-five (35) calendar days after mailing of Class Notice |
| Opt-Out Deadline | Thirty-five (35) calendar days after mailing of Class Notice |
| Class Counsel emails Opt-Out Forms and objections to Counsel for Defendant | No later than five (5) business days after receipt |
| Class Counsel emails complete list of Opt-Out Forms and objections to Counsel for Defendant | No later than five (5) business days after Opt-Out/Objection Deadline |
| Class Counsel files objections with Court | No later than five (5) business days after Objection Deadline |
| Parties file responses to objections | No later than five (5) business days before Fairness Hearing |
| Fairness Hearing | Approximately sixty (60) calendar days after entry of Preliminary Approval Order, or as ordered by the Court |
| Class Counsel and Defendants submit Qualified Class Member, Class Counsel, and Plaintiffs' information to Settlement Administrator | No later than ten (10) business days after Effective Date |
| Defendant transfers Settlement Amount to Qualified Settlement Fund | No later than ten (10) business days after Effective Date |
| Settlement Administrator distributes Settlement Amount from Qualified Settlement Fund | No later than thirty (30) calendar days after Defendant transfers Settlement Amount to Qualified Settlement Fund |

16

I.    **Miscellaneous Provisions**

    1.    Defendant may, at its option, within five (5) business days following receipt of the final list of Opt-Out Forms, withdraw from and cancel the Agreement if ten (10) percent or more of the Settlement Class Members opt out of the Settlement Class.

    2.    Plaintiffs agree to indemnify the Released Parties for any adverse tax consequences or penalties arising from the treatment of the Service Payments as non-wages.

    3.    The Parties shall execute a dismissal with prejudice of the Action, substantially in the form attached as Exhibit D (the "Stipulation of Dismissal"), upon the occurrence of both the Effective Date and full payment of the Settlement Amount by Defendant to the Qualified Settlement Fund. Class Counsel shall file the dismissal with the Court within one (1) business day of the Parties' execution of the dismissal with prejudice. The Parties agree that the Court shall retain jurisdiction to enforce the terms and conditions of this Agreement.

    4.    The Parties agree that they are compromising and settling disputed litigation. Each of the Parties shall bear their own attorney's fees, expenses, and court costs, except as herein provided with respect to Class Counsel's Fees and Class Counsel's Expenses. Each of the Parties agrees it shall not commence or continue any lawsuit that is inconsistent with any provision of this Agreement.

    5.    Plaintiffs, Defendant, and their respective attorneys shall not make any public announcements (including press releases, press interviews, Internet postings, or social media postings) concerning the settlement of the Action or this Agreement prior to entry of the Final Approval Order without prior notice to and consent from the other Parties.

6.      Nothing herein shall prevent any Party from seeking to offer this Agreement in evidence after the entry of the Final Approval Order for the purpose of enforcing the terms of the Agreement.

7.      This Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Parties to the fullest extent under the law.

8.      This Agreement shall be construed pursuant to the laws of the State of Oregon.

9.      The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

10.     This Agreement and the Exhibits hereto represent the entire agreement and understanding between the Parties as to the subject matter hereof and supersedes all previous agreements and discussions between the Parties as to the matters herein addressed.

11.     This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original but all of which together shall constitute one agreement.  This Agreement may be executed by facsimile, or PDF and such facsimile or PDF signature shall be treated as an original signature hereunder.

12.     This Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties.  Each and every provision of this Agreement shall be construed as though each and every Party hereto participated equally in the drafting hereof.  As a result of the foregoing, any rule that the document is to be construed against the drafting Party shall not be applicable.

13.     The Parties may not modify or amend any provision of this Agreement except by a written agreement that all of the Parties have signed. A waiver of any provision of this Agreement will not constitute a waiver of any other provision.

**IN WITNESS WHEREOF**, the Parties have executed and delivered this Settlement Agreement as of this 27th day of December, 2017.

<u>**AGREED TO BY PROPOSED CLASS COUNSEL**</u>**:**

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
**THE GARDNER FIRM, P.C.**
210 S. Washington Ave.
Mobile, AL 36602
Telephone: (251) 433-8100

Stuart J. Miller (SJM 4276)
**LANKENAU & MILLER, LLP**
132 Nassau Street, Suite 1100
New York, New York 10038
Telephone: (212) 581-5005

Lawrence R. Cock, OSB No. 102524
lrc@cablelang.com
CABLE, LANGENBACH, KINERK & BAUER, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104-1048
Telephone: (206) 292-8800
Facsimile: (206) 292-0494

19

**AGREED TO BY PLAINTIFFS**:

_Falana Flaig_

FALANA FLAIG


BARRY CADISH


**AGREED TO BY COUNSEL FOR DEFENDANT:**

By_____
Stephen E. English, OSB No. 730843
senglish@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019, *Pro Hac Vice*
eberhardt@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503-727-2000
Facsimile:  503-727-2222

*Attorneys for SureID*


**AGREED TO BY DEFENDANT SUREID, INC.**


By: _____

Name:  _____

Title:  _____


20

**AGREED TO BY PLAINTIFFS:**

_____

FALANA FLAIG

_Barry Cadish_
_____
BARRY CADISH

**AGREED TO BY COUNSEL FOR
DEFENDANT:**

By_____
Stephen E. English, OSB No. 730843
senglish@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019, *Pro Hac
Vice*
eberhardt@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503-727-2000
Facsimile: 503-727-2222

*Attorneys for SureID*

**AGREED TO BY DEFENDANT SUREID, INC.**

By: _____

Name: _____

Title: _____

20

**AGREED TO BY PLAINTIFFS**:


_____

FALANA FLAIG


_____

BARRY CADISH


**AGREED TO BY COUNSEL FOR DEFENDANT**:

By_____

Stephen E. English, OSB No. 730843
senglish@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019, *Pro Hac Vice*
eberhardt@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503-727-2000
Facsimile:  503-727-2222

*Attorneys for SureID*


**AGREED TO BY DEFENDANT SUREID, INC.**


By: _____

Name: _____

Title: _____


20

137718902.2

**AGREED TO BY PLAINTIFFS**:

_____

FALANA FLAIG

_____

BARRY CADISH

**AGREED TO BY COUNSEL FOR DEFENDANT**:

By_____
Stephen E. English, OSB No. 730843
senglish@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019, *Pro Hac Vice*
eberhardt@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503-727-2000
Facsimile:  503-727-2222

*Attorneys for SureID*

**AGREED TO BY DEFENDANT SUREID, INC.**

By: _____

Name: _James  Robell_____

Title: _President and CEO_____

20

# EXHIBIT A

# NOTICE TO SETTLEMENT CLASS

> *Flaig, et al. v. SureID, Inc.*, Case No. 3:17-cv-00910-YY
>
> (U.S. District Court, District of Oregon, Portland Division)

> THIS SETTLEMENT INVOLVES MONEY AWARDS.
>
> PLEASE READ CAREFULLY.
>
> PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER

Objection/Opt-Out Deadline (for *Receipt*): _____

### THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS

You should read this entire document.  A short summary is set forth here, but you should review the complete document to ensure that you understand its terms:

1) This Notice describes the terms of a class action settlement of claims brought by Falana Marie Flaig and Barry Cadish ("Plaintiffs"), on their own behalf and on behalf of other similarly situated former employees of Defendant SureID, Inc.[1] ("Defendant"), under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), which alleges that Defendant terminated the employment of certain employees as part of a series of layoffs without proper advance written notice;

2) Defendant has agreed to a settlement of $350,000 to resolve these claims for the entire class and obtain a release of claims; and

3) You do not need to take any action if you wish to participate in this settlement and receive the payment discussed in this notice.

4)  If you do not want to participate in the settlement and be bound by its terms, you must mail in your opt-out form (which is part of this Notice) according to the instructions in this Notice so that it is *received* by counsel no later than _____.  If an opt-out for you is not received by that date, you will be bound by the settlement and will become a Qualified Class Member. Further, as a Qualified Class Member, you have the right to object to or comment on, the settlement, including Plaintiffs' Class Counsel attorneys' fees and costs, and, to appear at the

---

[1] Defendant has effected a change of its legal corporate name to Fortior Solutions, Inc., but the name change has no effect on the Parties' rights and obligations under the Settlement.

**hearing to take place [date/time location], at which the Court will consider the final approval of the settlement.  The process for making an objection, if you choose to do that, is set out below.**

### Background and Case History

1.  Plaintiffs' lawsuit (the "Action") was filed in the United States District Court for the District of Oregon on June 9, 2017.  Plaintiffs filed an amended complaint on June 30, 2017.  The Action is a putative class action alleging violations of the WARN Act in connection with a series of layoffs at Defendant's corporate headquarters, located at 5800 NW Pinefarm Place, Hillsboro, OR 97124 (the "Facility") beginning in May 2017.   Plaintiffs allege that Defendant failed to provide at least 60 days' advance written notice of those layoffs, as allegedly required by the WARN Act, to Plaintiffs and more than 200 similarly situated employees.  Plaintiffs contend that Defendant's failure to give such notice renders it liable to each affected employee for up to 60 days' pay and benefits.

2.  Defendant answered the amended complaint on July 14, 2017.  Defendant denied violating the WARN Act and raised affirmative defenses.  Defendant contends that (a) some of the terminations did not constitute a "mass layoff" as defined by the WARN Act; (b) the layoffs occurred due to exigent business circumstances that were not reasonably foreseeable 60 days in advance; (c) Plaintiffs and other employees were laid off as a result of separate and distinct reductions in force; and (d) Defendant provided notice in substantial compliance with the WARN Act.  Defendant disputes and denies liability with respect to all claims asserted in the Action.

3.  On November 20, 2017, the Parties participated in a settlement conference before a Magistrate Judge and agreed to settle the Action.  The Parties' formal settlement agreement ("Agreement") is now before the Court for final approval. The Parties reached the Agreement following significant investigation, analysis, and discovery, and they believe that the Agreement is in the best interests of the proposed Settlement Class Members and the Parties.  The Agreement reflects the Parties' recognition that there are significant, complex issues regarding the application of the WARN Act and cases and regulations interpreting the Act to the facts of the case.  Plaintiffs and Defendant disagree as to whether Defendant had any liability under the WARN Act with respect to the proposed Settlement Class Members' claims.   Defendant expressly denies liability for the claims and contentions alleged by Plaintiffs on their own behalves and on behalf of any members of the Settlement Class. Further, the Agreement takes into account Defendant's significantly reduced operations, limited resources, and the high risk of non-payment should the matter have been litigated to a final judgment in favor of Plaintiffs and the proposed class.  Plaintiffs and Class Counsel have concluded, after performing a thorough study of the law and facts relating to the WARN Act claims and the sharply disputed factual and legal issues involving the Action, the risks, uncertainties, time, and expense attending further prosecution of the Action, including risks associated with Defendant's financial condition, and the substantial benefits to be received by the proposed Settlement Class Members pursuant to the compromise and settlement of the Action, that

settlement as embodied in the Agreement is fair, adequate, and reasonable and is in the best interests of Plaintiffs and the proposed Settlement Class Members.

**The Proposed Agreement**

4.      The Parties agreed to have the Court certify a settlement class consisting of approximately 248 former employees of Defendant who worked at the Facility and were terminated from Defendant's employment in "workforce reductions" in May, June or July 2017 ("Subclass A") or in August 2017 ("Subclass B") (collectively, the "Settlement Class"). The Parties agreed that the Facility is a single site of employment for purposes of the WARN Act, and remote employees with work locations other than "SureID Corporate" in Defendant's personnel records were not employed at the Facility for purposes of the WARN Act. All individuals in the Settlement Class are Settlement Class Members.

5.      The two Plaintiffs have been named as *Class Representatives*. Plaintiffs' lawyers (Lankenau & Miller, LLP, The Gardner Firm, P.C. and Cable, Langenbach, Kinerk & Bauer, LLP) have been appointed as *Class Counsel*.

6.      The Settlement Amount is $350,000.

7.      If the Court grants final approval of the Agreement, it will become effective the day after the date that the time for taking an appeal of the Final Approval Order has expired or, in the event an appeal has been taken, the day after the date the Final Approval Order is affirmed with no further right of appeal.

8.      Class Counsel will hire a settlement administrator (the "Settlement Administrator") to distribute the Settlement Amount as described in the Agreement.

9.      Settlement Checks paid to Qualified Class Members (except for Service Payments, defined below) will be allocated as W-2 wage payments.

10.     All payments to Qualified Class Members shall be net of all applicable federal, state and local income, employment and payroll withholdings taxes associated with W-2 wage payments to Settlement Class Members ("Withholdings"), and all applicable employer portions of employment and payroll taxes associated with W-2 wage payments to Settlement Class Members ("Employer Portions") shall be paid out of the Settlement Amount.

11.     Qualified Class Members are personally responsible for payment of all taxes and any tax liability resulting from the amount of any Settlement checks.

12.     Once the Settlement Amount has been received by the Settlement Administrator and subject to court approval, the Settlement Amount will be distributed by the Settlement Administrator as follows:

        (a)      A one-time payment of $7,500 each to Falana Marie Flaig and Barry Cadish for their services rendered in this action (the "Service Payments");

  (b)  One-third of the balance will be paid to Class Counsel for attorneys' fees;

  (c)  To reimburse Class Counsel for litigation expenses (including production and mailing of this Notice) and to pay the Settlement Administrator's fees and costs, up to a combined maximum payment of $20,0000; and

  (d)  The remainder after deduction of these payments shall be the "Net Settlement Fund" or "NSF," which shall be divided among the Qualified Class Members as follows:

    (i)  Each Subclass B Qualified Class Member shall be allocated $250.00, and [2]

    (ii)  Each Subclass A Qualified Class Members shall receive a proportionate share of the remainder of the NSF, calculated as a percentage of their salary and benefits for a sixty (60) day period.

  Payments from the NSF shall be net of Withholdings and Employer Portions, as defined above.

13. The Agreement will _not_ become effective if the Court does not approve it. Further, if Defendant fails to pay the Settlement Amount (as required by the Settlement), Plaintiffs have the right, but not the obligation, to  rescind the Agreement or to seek specific performance of the Agreement.

14. The total amount of your projected Pre-tax Amount under the Agreement, after payment of the Service Payments, attorneys' fees and projected, costs is shown on Exhibit "A" attached here.

## Class Counsel's Recommendation

15. Class Counsel recommends approval of the Agreement, believing that it is fair, reasonable and adequate to the Settlement Class.

## Release of Legal Rights and Claims

16. Upon occurrence of the Effective Date, the Agreement will constitute a full and final settlement and release by Qualified Class Members as described in this paragraph.  Except for the rights arising out of, provided for, or reserved in the Agreement, each Qualified Class Member, for and on behalf of himself or herself, and his or her respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), fully and forever releases and discharges Defendant, its parents, subsidiaries and otherwise affiliated entities, and their respective current, former and interim officers, directors, agents, and employees (collectively, the "Released Parties") of and from any and all legally-waivable claims, counter-claims, liabilities, obligations, rights to

---

[2] Based on Defendant's records, it does not appear to Class Counsel that the number of employees affected by the August terminations would have reached the numerical thresholds set forth in the WARN Act.  Thus, any risk faced by Defendant with respect to potential WARN Act claims of Subclass B Members was minimal and is reflected in the amount of the NSF allocated to them, but also provides adequate consideration for the releases sought by Defendant from each Subclass B Settlement Class Member.

payment, expenses, liens, debts, demands, actions, suits, sums of money, accounts, reckonings, bonds, covenants, contracts, controversies, agreements, promises, causes of action, costs, expenses, damages and liabilities, of any kind at law, in equity, by statute, or on any other basis, whether known or unknown, anticipated, suspected, or disclosed, which the Releasing Parties ever had or now has against any or all of the Released Parties for, upon, or by reason of any claims under the WARN Act, or any other federal, state, or local laws or regulations of similar effect, which have been or could have been asserted in the Action, as well as any and all claims for penalties, attorneys' fees and costs associated therewith, including without limitation the fees and costs of Class Counsel.

### Your Options under the Proposed Settlement

17.  If you do not opt out, the Court approves the Agreement, and it becomes effective, you will be covered by the Agreement and share in the benefits described in this notice.

18.  If you choose **not** to be bound by the Agreement and **do not** wish to receive any money pursuant to it, you may opt out of the Settlement Class by filling out and signing the attached "Opt-Out Form" and mailing that form to:

> The Gardner Firm, P.C.,
>
> P.O. Drawer 3103
>
> Mobile, Alabama 36652
>
> Attn:  Mary Olsen, Esq.

The Opt-Out Form must be *received* by Class Counsel no later than _____.  All requests to opt out received after that date will not be effective, and any person who sends a late opt-out request will be bound by the Agreement.

19.  If you believe that the proposed settlement is unfair or inadequate or that Class Counsel's attorneys' fees or costs or the Service Payments should not be approved, you may object to the Agreement, the attorneys' fees and costs, and/or the Service Payments by mailing your comment or objection, to:

> Mary L. Moran, Clerk of Court
>
> United States District Court for the District of Oregon, Portland Division
>
> 1000 S.W. Third Avenue
>
> Portland, OR 97204-2939

and by sending copies of that statement to:

> a)  THE GARDNER FIRM, P.C.
>
> Post Office Drawer 3103
>
> Mobile, Alabama  36652
>
> Attention:  Mary Olsen, Esq.
>
> **and**
>
> b)  PERKINS COIE LLP
>
> 1120 NW Couch Street, 10th Floor

Portland, OR  97209-4128

Attention: [TBD]

Objections must be *received* by each of the above no later than _____, and must include the following information:  (a) the name and case number of the Action (*Flaig, et al. v. SureID, Inc.*, Case No. 3:17-cv-00910-YY); (b) your name, address, and telephone number; and (c) a detailed written statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Agreement, as described above.

**Location and Date of Fairness Hearing of Proposed Agreement**

20.    The hearing for consideration and final approval of the Agreement, including the approval of attorney's fees and expenses to Class Counsel, is scheduled to take place before Hon.  Youlee Yim You on _____ at  _____ **A.M./P.M.** at the United States District Court for the District of Oregon, Courtroom 1227, 1000 S.W. Third Avenue, Portland, OR 97204-2939.  That hearing date may be changed without further notice.  You may appear in person or by your own counsel at the final hearing.

21.    Any questions from members of the Settlement Class about this Notice or requests for more information, including a copy of the Agreement, should be sent by First-Class mail to The Gardner Firm, P.C., Post Office Drawer 3103, Mobile, Alabama 36652, Attention Mary Olsen, or you may call Ms. Olsen at (800) 604-6831.

While the Court has approved the sending of this notice, it takes no position and makes no legal opinion about the claims or defenses made by the parties in this litigation.

*Flaig, et al. v. SureID, Inc.*, **Case No. 3:17-cv-00910-YY**

**(U.S. District Court, District of Oregon, Portland Division)**

## OPT-OUT FORM

I, the undersigned, have read the foregoing Notice to Settlement Class and understand its contents.

I **DO NOT** want to participate in the settlement of the lawsuit known as *Flaig, et al. v. SureID*, I **DO NOT** want to accept any money payment as part of that settlement, and I **DO NOT** want to be bound by the Agreement described in the Notice to Settlement Class.

_____               _____
SIGNATURE                                                              ADDRESS

_____               _____
NAME (printed or typed)                                   CITY, STATE and ZIP CODE

_____               _____
DATE                                                                      TELEPHONE

_____
EMAIL ADDRESS

If you do <u>NOT</u> wish to participate, please complete and sign this form and mail the completed form to:

> Attention:  Mary Olsen, Esq.
> The Gardner Firm, P.C.
> P.O. Drawer 3103
> Mobile, Alabama 36652

To be effective, your completed Opt-Out Form must be ***received*** by [date]

**<u>EXHIBIT A</u>**

[Settlement Class Member name/address]

| | |
|---|---|
| Projected Pre-Tax Amount, after the deduction of service payments, attorneys' fees, and expenses of litigation | $_____ |

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FALANA MARIE FLAIG and BARRY CADISH, on behalf of themselves and all others similarly situated, | **No. 3:17-cv-00910-YY** |
| Plaintiffs, | |
| v. | |
| SUREID, INC., | |
| Defendant. | |

**[PROPOSED] ORDER (I) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (II) APPROVING NOTICE TO SETTLEMENT CLASS MEMBERS, (III) SCHEDULING FAIRNESS HEARING, AND (IV) GRANTING RELATED RELIEF**

The Court has considered the joint motion of Plaintiffs Falana Marie Flaig and

Barry Cadish ("Plaintiffs") and Defendant SureID, Inc.[1] ("Defendant"), sometimes

collectively referred to herein as the "Parties," for an Order, among other things,

(1) granting preliminary approval of the Parties' proposed class action settlement in this

case, (2) approving the form and authorizing the mailing of the Parties' proposed Notice

to Settlement Class; and (3) scheduling a Fairness Hearing for the final consideration and

approval of the Settlement Agreement.

The Court finds that:

A.     The Parties' Stipulation of Class Action Settlement filed in this case (the

"Agreement") was the result of arms-length negotiations by experienced and informed

counsel at a judicially supervised settlement conference.

---

[1] Defendant anticipates that it will have effected a change of its legal corporate name to Fortior Solutions, Inc. on or about December 27, 2017. That name change has or will have no effect on the Parties' rights and obligations under the Agreement or this Order.

B.      The Parties have agreed that this action may be maintained as a class action for settlement purposes only, consisting of approximately 248 former employees of Defendant who worked at 5800 NW Pinefarm Place, Hillsboro, OR 97124 (the "Facility") and were terminated from Defendant's employment in "workforce reductions" in May, June or July 2017 ("Subclass A") or in August 2017 ("Subclass B") (collectively, the "Settlement Class," and individually, "Settlement Class Members").

C.      Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Agreement is reasonable and cost-effective, and preliminary approval of the Agreement is warranted.

D.      Notice should be given to all Settlement Class Members affording them the opportunity to opt out of the Settlement Class or to object to the settlement terms contained in the Agreement.  That notice should be provided by first class mail, postage prepaid, to each Settlement Class Member's last known address, per the Agreement, which is the best notice practicable under the circumstances.

E.      The proposed Notice to Settlement Class (the "Notice") attached to the Agreement as Exhibit A meets the requirements of Fed. R. Civ. P. 23(c)(2)(B).  The Notice sufficiently describes, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Notice states that the Agreement, if approved, will be binding on all Settlement Class Members who do not opt out ("Qualified Class Members").  The Notice summarizes the terms of the Agreement, the right of and manner for each Settlement Class Member to opt out or object to the Agreement, the right of each Qualified Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from

Class Counsel upon request.  Further, the Notice informs Settlement Class Members that the Agreement provides for a release of claims (which is described in detail in the Notice) and the payment of Class Counsel's attorneys' fees and costs.  *See* Fed. R. Civ. P. 23(h).

F.      A hearing on the final approval of the Agreement (the "Fairness Hearing") should be held on a date that allows Settlement Class Members sufficient time from the mailing of the Notice to secure further information regarding the relief sought by the Joint Motion, to opt out or object to the Agreement should they choose to do so, and/or to engage counsel to appear at the Fairness Hearing.

G.      Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Joint Motion is GRANTED.

2.      The Agreement is hereby preliminarily approved.

3.      For settlement purposes only, the litigation may be maintained as a class action on behalf of the Settlement Class, defined above.

4.      Plaintiffs are appointed as Class Representatives for the Settlement Class, and Plaintiffs' Counsel, Lankenau & Miller, LLP, The Gardner Firm, P.C. and Cable, Langenbach, Kinerk & Bauer, LLP are appointed as Class Counsel for the Settlement Class.

5.      The form of the Notice is approved.

6.      Within ten (10) business days following entry of this Order (the "Mailing Date"), Class Counsel shall mail the Notice by first class mail, postage prepaid, to each Settlement Class Member at his or her last known address, per the Agreement.

7.      The Court shall conduct a Fairness Hearing on _____, 2018 at

_____ __.m. in Courtroom ___.  At the Fairness Hearing, the Court will consider any

timely objections to the terms of the Agreement and will decide whether to grant final

approval of the Agreement.

8.      Settlement Class Members may opt out of the Settlement Class, but to do

so they must complete and sign an Opt-Out Form and mail it to Class Counsel at the

address included in the Notice, and it must be received by Class Counsel within thirty-

five (35) days after the Mailing Date.  Settlement Class Members who submit timely Opt-

Out Forms in accordance with the Notice and this Order shall be excluded from the

Settlement Class, shall not be entitled to any compensation or benefits under the

Agreement, and shall not be bound by any orders or judgment in this action.  Settlement

Class Members who do not submit timely Opt-Out Forms in accordance with the Notice

and this Order shall be deemed Qualified Class Members.

9.      Qualified Class Members may submit objections or other responses to the

terms of the Agreement, including but not limited to the proposed compensation of Class

Counsel.  To be considered, all such objections and responses must be (a) in writing,

(b) signed, (c) filed with the Clerk of the Court and mailed to Class Counsel and counsel

for Defendant at the addresses listed in the Notice, and (d) *received* by the Clerk of Court,

Class Counsel, and counsel for Defendant no later than thirty-five (35) days after the

Mailing Date.  Objections and responses that are submitted in accordance with this Order

and the Notice and are not withdrawn before the Fairness Hearing will be considered and,

if appropriate, ruled on by the Court at the Fairness Hearing.

10.     If the Court grants final approval of the Agreement and the Effective Date, as defined in the Agreement, occurs, then all Qualified Class Members will be bound by the terms of the Agreement.

11.     In the event the Effective Date does not occur for any reason whatsoever: (a)  the Agreement shall be deemed null and void and shall have no effect whatsoever, and (b) nothing in the Agreement or any draft thereof, or of the discussion, negotiation, documentation, or other aspect of the Parties' settlement discussions, or any document submitted to the Court related to the Agreement, shall have any effect or be admissible in evidence for any purpose in this action or in any other proceeding or forum, nor shall any such matter be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact.


Dated:


_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FALANA MARIE FLAIG and BARRY CADISH, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>SUREID, INC.,<br><br>      Defendant. | **No. 3:17-cv-00910-YY** |

**[PROPOSED]  FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING RELATED RELIEF**

The Court has considered the joint motion ("Joint Motion") of Plaintiffs Falana Marie Flaig and Barry Cadish ("Plaintiffs") and Defendant SureID, Inc., now named Fortior Solutions, Inc.[1] ("Defendant"), sometimes collectively referred to herein as the "Parties," for an Order, among other things, finally approving the Stipulation of Class Action Settlement entered into by the parties on December __, 2017 (the "Agreement"").

The Court finds:

A.  The Court entered an Order on _____, 201__, granting preliminary approval of the Agreement and approving the form and mailing of the Notice to Settlement Class attached to the Agreement as Exhibit A (the "Notice") ;

B.  The Notice has been given to the Settlement Class;

C.  The Notice informed Settlement Class Members of the nature of the action, the definition of the Settlement Class, the class claims, issues, and defenses, the

---

[1] Defendant has effected a change of its legal corporate name to Fortior Solutions, Inc. The name change has no effect on the Parties' rights and obligations under the Agreement or this Order.

terms of the Agreement, the right to opt out of the Settlement Class or object to the

Agreement's terms, the right to appear in person or by counsel at the Fairness Hearing,

and the binding effect of the Agreement on Settlement Class Members who do not opt

out (the "Qualified Class"), and the Notice is deemed proper and sufficient under the

circumstances and no other and further notice is required;

D.      [Number] Settlement Class Members opted out;

E.      [Number] Qualified Class Members filed timely objections to the

Agreement, and [Class Counsel and/or Defendants] filed timely responses to those

objections;

F.      The Court held a hearing on _____, 2018, to consider the

objections to and to decide whether to finally approval of the Agreement (the "Fairness

Hearing");

G.      The Agreement was negotiated at arms' length and in good faith, is fair,

equitable, reasonable and in the best interests of the parties, and complies with Federal

Rule of Civil Procedure 23 and the law of this Circuit; and

H.       Other good and sufficient cause exists for granting the relief requested in

the Joint Motion.

IT IS HEREBY ORDERED THAT:

1.      The objections are DENIED.  Specifically, [COMPLETE].

2.      The Joint Motion is GRANTED and the Agreement attached as Exhibit A

to the Joint Motion is APPROVED as fair and reasonable, including the Service

Payments, Class Counsel Fees, and Approved Expenses, as defined and described

therein.

3.      The Parties and the Settlement Administrator are authorized and directed to implement the Agreement in accordance with its terms.

4.      Upon occurrence of the Effective Date, as defined in the Agreement, the Release in paragraph F(2) of the Agreement shall become final and binding upon each Qualified Class Member and the Release in paragraph F(3) of the Agreement shall additionally become final and binding upon Plaintiffs.

5.      In the event the Effective Date does not occur for any reason whatsoever: (a)  the Agreement shall be deemed null and void and shall have no effect whatsoever, and (b) nothing in the Agreement or any draft thereof, or of the discussion, negotiation, documentation, or other aspect of the Parties' settlement discussions, or any document submitted to the Court related to the Agreement, shall have any effect or be admissible in evidence for any purpose in this action or in any other proceeding or forum, nor shall any such matter be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact.

6.      This Court shall retain jurisdiction to implement this Order and enforce the Agreement.

Dated:

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| FALANA MARIE FLAIG and BARRY CADISH, on behalf of themselves and all others similarly situated, | No. 3:17-cv-00910-YY |
| Plaintiffs, | |
| v. | |
| SUREID, INC., | |
| Defendant. | |

**JOINT STIPULATION TO VOLUNTARILY DISMISS, WITH PREJUDICE**

Pursuant to F.R.C.P. 41 (a), Falana Marie Flaig and Barry Cadish ("Plaintiffs"), on their own behalves and on behalf of the Qualified Class Members, on the one hand, and Defendant SureID, Inc., now named Fortior Solutions, Inc.[1] ("Defendant") on the other hand, by and through their respective counsel of record, hereby jointly stipulate to the dismissal of the amended complaint and all claims against the Defendant in the above styled cause, with prejudice. Defendant and Plaintiffs are collectively referred to as the "Parties." The dismissal of these claims is made pursuant to Paragraph I(3) of the Stipulation of Class Action Settlement and Release (the "Agreement") between the Parties, which was approved by this Court by Final Order dated _____.

Each of the Parties shall bear their or its own attorney's fees, expenses, and court costs, except as provided in the Agreement with respect to Class Counsel's Fees and Approved Expenses.  The Parties agree that the Court shall retain jurisdiction to enforce

---

[1] Defendant has effected a change of its legal corporate name to Fortior Solutions, Inc..  The name change has no effect on the Parties' rights and obligations under the Agreement, the Court-approved settlement, or this Joint Stipulation.

the terms and conditions of the Agreement.  A proposed form of Order is attached as

Exhibit A.

Respectfully submitted,

Dated: _____, 2018.             By:_____
                                     Mary E. Olsen (OLSEM4818), *Pro Hac Vice*
                                     THE GARDNER FIRM, PC
                                     210 S. Washington Ave.
                                     Mobile, AL  36602
                                     P: (251) 433-8100
                                     F: (251) 433-8181

                                     Stuart J. Miller (SJM 4276), *Pro Hac Vice*
                                     LANKENAU & MILLER, LLP
                                     132 Nassau Street, Suite1100
                                     New York, NY 10038
                                     P: (212) 581-5005
                                     F: (212) 581-2122

                                     Lawrence R. Cock, OSB No. 102524
                                     lrc@cablelang.com
                                     CABLE, LANGENBACH, KINERK & BAUER,
                                     LLP
                                     1000 Second Avenue, Suite 3500
                                     Seattle, WA 98104-1048
                                     Telephone: (206) 292-8800
                                     Facsimile: (206) 292-0494

                                     Cooperating Counsel for
                                     THE NLG MAURICE AND JANE SUGAR
                                     LAW CENTER FOR ECONOMIC AND
                                     SOCIAL JUSTICE, a non-profit law firm
                                     733 St. Antoine, 3rd Floor
                                     Detroit, Michigan 48226
                                     P: (313) 962-6540

                                     *Attorneys for Plaintiffs and the Settlement Class*

                                     *And*

                                     By_____
                                     Stephen E. English, OSB No. 730843

senglish@perkinscoie.com
Bruce Michael Cross, WSBA No. 356, *Pro Hac Vice*
bcross@perkinscoie.com
Charles N. Eberhardt, WSBA No. 18019, *Pro Hac Vice*
eberhardt@perkinscoie.com
Emily A. Bushaw, WSBA No. 41693, *Pro Hac Vice*
ebushaw@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503-727-2000
Facsimile:  503-727-2222

*Attorneys for Defendant SureID, Inc., now named Fortior Solutions Inc.*

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

|  |  |
|---|---|
| FALANA MARIE FLAIG and BARRY CADISH, on behalf of themselves and all others similarly situated, | **No. 3:17-cv-00910-YY** |
| Plaintiffs, |  |
| v. |  |
| SUREID, INC., |  |
| Defendant. |  |

### ORDER GRANTING STIPULATION OF DISMISSAL, WITH PREJUDICE

Having considered the Parties' joint stipulation to voluntarily dismiss this action, with prejudice (the "Stipulation");

**IT IS ORDERED THAT**:

The amended complaint and all claims against the Defendants in the above styled cause are hereby **DISMISSED** with prejudice. The dismissal of these claims is made pursuant to, and subject to, Paragraph P(3) of the Stipulation of Class Action Settlement and Release (the "Agreement") between the Parties, which was approved by this Court by Final Order dated _____.

Each of the Parties shall bear their own attorney's fees, expenses, and court costs, except as provided in the Agreement with respect to Class Counsel's Fees and Approved Expenses.   The Parties agree that the Court shall retain jurisdiction to enforce the terms and conditions of the Agreement.

Dated: _____, 2018      _____

UNITED STATES MAGISTRATE JUDGE