UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FALANA MARIE FLAIG and BARRY CADISH, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>   v.<br><br>SUREID, INC.,<br><br>                  Defendant. | No. 3:17-cv-00910-YY<br><br>FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING RELATED RELIEF |

The Court has considered the joint motion ("Joint Motion") (ECF #43) of Plaintiffs Falana Marie Flaig and Barry Cadish ("Plaintiffs") and Defendant SureID, Inc., now named Fortior Solutions, LLC.[1] ("Defendant"), sometimes collectively referred to herein as the "Parties," for an Order, among other things, finally approving the Stipulation of Class Action Settlement entered into by the parties on December 27, 2017 (the "Agreement"").

The Court finds:

A.      The Court entered an Order on January 10, 2018, granting preliminary approval of the Agreement and approving the form and mailing of the Notice to Settlement Class attached to the Agreement as Exhibit A (the "Notice");

---

[1] Defendant effected a change of its legal name first to Fortior Solutions, Inc., and then to Fortior Solutions, LLC. The name change has no effect on the Parties' rights and obligations under the Agreement or this Order.

1 - ORDER

B.  The Notice has been given to the Settlement Class;

C.  The Notice informed Settlement Class Members of the nature of the action, the definition of the Settlement Class, the class claims, issues, and defenses, the terms of the Agreement, the right to opt out of the Settlement Class or object to the Agreement's terms, the right to appear in person or by counsel at the Fairness Hearing, and the binding effect of the Agreement on Settlement Class Members who do not opt out (the "Qualified Class"), and the Notice is deemed proper and sufficient under the circumstances and no other and further notice is required;

D.  Four (4) Settlement Class Members opted out;

E.  One (1) Qualified Class Member filed a timely objection to the Agreement, and Class Counsel and Defendant filed timely responses to the objection;

F.  The Court held a hearing on March 22, 2018, to consider the objection to and to decide whether to finally approval of the Agreement (the "Fairness Hearing");

G.  The Agreement was negotiated at arms' length and in good faith, is fair, equitable, reasonable, adequate and in the best interests of the parties, and complies with Federal Rule of Civil Procedure 23 and the law of this Circuit; and

H.  Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

IT IS HEREBY ORDERED THAT:

1.  The objection is DENIED.  The Court has considered the objector's stated concerns about the Settlement Amount and the percentage of the Settlement Amount allocated to Class Counsel Fees, and neither stated concern changes the Court's conclusion that the Agreement is fair, reasonable and adequate.  More specifically, the

Court concludes that both the Settlement Amount and the percentage of the Settlement Amount allocated to Class Counsel Fees are fair, reasonable, and adequate given the complexity and disputed nature of the claims and defenses in this case; the costs and substantial uncertainty and risk associated with litigating those claims and defenses; Defendant's significantly reduced operations, limited resources, and the high risk of non-payment should the matter have been litigated to a final judgment in favor of Plaintiffs and the Settlement Class; and Class Counsel's expertise, the time and effort they have invested in this litigation, the contingent nature of the case, and attorneys' fee awards in other comparable cases.

2.     The Joint Motion is GRANTED and the Agreement attached as Exhibit A to the Joint Motion is APPROVED as fair, reasonable and adequate, including the Settlement Amount, Service Payments, Class Counsel Fees, and Approved Expenses, as defined and described therein.

3.     The Parties and the Settlement Administrator are authorized and directed to implement the Agreement in accordance with its terms.

4.     Upon occurrence of the Effective Date, as defined in the Agreement, the Release in paragraph F(2) of the Agreement shall become final and binding upon each Qualified Class Member and the Release in paragraph F(3) of the Agreement shall additionally become final and binding upon Plaintiffs.

5.     In the event the Effective Date does not occur for any reason whatsoever: (a) the Agreement shall be deemed null and void and shall have no effect whatsoever, and (b) nothing in the Agreement or any draft thereof, or of the discussion, negotiation, documentation, or other aspect of the Parties' settlement discussions, or any document

3 - ORDER

submitted to the Court related to the Agreement, shall have any effect or be admissible in evidence for any purpose in this action or in any other proceeding or forum, nor shall any such matter be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact.

6. This Court shall retain jurisdiction to implement this Order and enforce the Agreement.

Dated: March 26, 2018

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

4 - ORDER